# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CHARLES CAMACHO-DUKE,

    Petitioner,

v.                                   CASE NO. 8:11-CV-2778-T-30AEP
                                        CRIM. CASE NO. 8:04-CR-374-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

Camacho-Duke's motion to vacate pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) challenges the validity of his plea-based conviction for conspiring to import into the United States five kilograms or more of cocaine. Camacho-Duke pleaded guilty pursuant to a plea agreement and was sentenced to 135 months in prison (CR Dkts. 248, 307). He did not appeal his conviction and the sentence.

Rule 4, Rules Governing Section 2255 Cases, requires a preliminary review of the motion to vacate. Section 2255 requires denial of the motion without a response if the "motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[1] (The summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows that he is not entitled to relief."); *Hart v. United*

---

[1] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

*States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) of § 2255 allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief.'"). The motion to vacate is time-barred.

The Anti-Terrorism and Effective Death Penalty Act created a limitation for a motion to vacate. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of (1) the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255. Because Camacho-Duke's conviction was final on August 30, 2007,[2] his limitation expired one year later, in August 2008. Pursuant to the mailbox rule,[3] Camacho-Duke's motion to vacate is considered filed as of December 8, 2011, which is the date he placed his § 2255 motion in the prison mailing system. Because the motion was filed over three years too late, Camacho-Duke's motion to vacate is untimely.

Camacho-Duke essentially admits his untimeliness, but argues entitlement to equitable tolling. "[T]he timeliness provision in the federal habeas corpus statute is subject to equitable tolling." *Holland v. Florida*, ___ U.S. ___, 130 S. Court. 2549, 2554 (2010). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements:

---

[2] Because Petitioner did not appeal the judgment of conviction entered on August 16, 2007, it became final 10 business days later on August 30, 2007, and his one year limitation period within which to file a § 2255 motion ended August 29, 2008. *See Adams v. United States*, 173 F.3d 1339, 1342 (11th Cir. 1999) (when defendant does not pursue direct appeal, conviction becomes final when time for filing a direct appeal expires).

[3] *Houston v. Lack,* 487 U.S. 266, 276 (1988) ("[T]he notice of appeal was filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk."); *Adams*, 173 F.3d at 1341 (a pro se prisoner's motion to vacate is deemed filed on the date it is delivered to prison authorities for mailing).

2

(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Camacho-Duke appears to argue that he is entitled to equitable tolling because he had told his attorney to file an appeal of his sentence, but his attorney failed to do so.[4] Camacho-Duke further asserts that he believed counsel had filed a notice of appeal on his behalf, but only recently learned through a friend that counsel had died and never filed the appeal.[5] Camacho-Duke also asserts that because he is a "non-English speaker. . .[,]" "it was difficult for [him] to find someone to help [him] find my lawyer." (CV Dkt. 1 at 12).

First, Camacho-Duke's alleged inability to speak or read English does not justify equitable tolling. *See Brown v. United States*, 318 Fed. App'x 749 (11th Cir. 2008) (Brown's illiteracy and problem communicating either verbally or with sign-language was not an extraordinary circumstance warranting equitable tolling), and *United States v. Montano*, 398 F.3d 1276 (11th Cir. 2005) (difficulty with English justifies no equitable tolling for filing a motion to vacate). *Accord Cobas v. Burgess*, 306 F.3d 441 (6th Cir. 2002), *cert. denied*, 538 U.S. 984 (2003).

Second, Camacho-Duke has failed to establish the requisite diligence which is required to show his entitlement to equitable tolling. Although Camacho-Duke alleges that he "lost contact with counsel, [counsel] could not be contacted, did not answer phone or mail.

---

[4]At the time the judgment of conviction was entered, Attorney Marcelino J. Huerta, III, represented Camacho-Duke in the criminal case.

[5]Camacho-Duke has provided a copy of an article indicating that Attorney Huerta died on March 9, 2009 (CV Dkt. 1 at 17-18).

Eventually his phone was disconnected[,]" (CV Dkt. at 4) he has provided no evidentiary support for this assertion, does not provide any specific facts regarding the dates on which he attempted to contact counsel regarding the status of his appeal, and he does not allege that he specifically inquired regarding his federal remedy pursuant to 28 U.S.C. § 2255. *See Tapanes v. McNeil*, 2011 U.S. Dist. LEXIS 15707, *15 n.8 (S.D. Fla. Jan. 18, 2011) (absent supporting evidence in the record, a court generally cannot consider a habeas petitioner's vague and conclusory assertions) (citing *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991)). *See also Webster v. Sec'y for the Dep't of Corr.*, 384 Fed. Appx. 977, 983 (11th Cir. Fla. 2010) (unpublished opinion) (where petitioner made only one inquiry as to the status of his appeal, three years after he filed the notice of appeal, petitioner did not establish that he acted with due diligence in investigating the status of appeal). Moreover, the record in the instant case belies Camacho-Duke's contention that he "recently found out through a friend that tI [sic] asked to help me contact counsel that counsel had died." (Id.). The fact that on October 5, 2010, Attorney Louis Casuso filed a Notice of Appearance on behalf of Camacho-Duke in the criminal case essentially contradicts Camacho-Duke's wholly vague assertion that he "recently found out. . .that [Attorney Huerta] had died[,]" and is further evidence that Camacho-Duke did not diligently pursue the filing of his § 2255 motion.

Camacho-Duke has not demonstrated that the untimely filing of his § 2255 motion was the result of extraordinary circumstances that were both beyond his control and unavoidable even with diligence. *See Kicklighter v. United States*, 281 Fed.Appx. 926, 930 (11th Cir. June 17, 2008) (unpublished opinion) ("'The statute of limitations can be equitably

4

tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'") (quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2008)). Based upon the foregoing, the undersigned concludes that Camacho-Duke failed to assert any credible basis for equitable tolling of the limitations period.

ACCORDINGLY, the Court **ORDERS** that:

1. The motion to vacate, set aside, or correct sentence (CV Dkt. 1) is **DENIED**.

2. The Clerk shall enter judgment against Camacho-Duke, terminate all pending motions, and close this case.

3. If Camacho-Duke can show by record evidence that his § 2255 motion is not time-barred, the Court will entertain a motion to reopen this case if Petitioner files the motion within twenty-eight (28) days from the date of this Order.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Camacho-Duke is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the

5

procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001). Because the § 2255 motion is clearly time-barred, Camacho-Duke cannot satisfy the second prong of the *Slack* test. 529 U.S. at 484.

Finally, because Camacho-Duke is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on December 21, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner

F:\Docs\2011\11-cv-2778.deny 2255.wpd

6