UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARLES CAMACHO-DUKE,

    Petitioner,

v.                                                                          CASE NO. 8:11-CV-2778-T-30AEP
                                                                                                 CRIM. CASE NO. 8:04-CR-374-T-30AEP

UNITED STATES OF AMERICA,

    Respondent.
_____/

**ORDER**

    Before the Court is Petitioner's "Motion to Show by Record Evidence That § 2255 Motion is not Time-Barred and to Re-open §2255 Appeal" (CV Dkt. 6) in which Petitioner requests the Court reconsider its December 21, 2011 Order dismissing Petitioner's § 2255 motion as time-barred (see CV Dkt. 4).  Petitioner fails to cite any legal authority for his motion.

    The Federal Rules of Civil Procedure provide two vehicles by which a party may seek relief in a postjudgment motion, Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b).  In addressing the classification of postjudgment motions, the Eleventh Circuit "has drawn a substantive/collateral distinction: 'Rule 59 applies to motions for reconsideration of matters encompassed in a decision on the merits of the dispute, and not matters collateral to the merits.'" *Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988) (citations omitted).

Petitioner challenges the substance of the Court's order dismissing his § 2255 motion. Moreover, Petitioner's motion can be considered as filed pursuant to Rule 59(e) because he filed it within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e).[1] Consequently, the Court will treat Petitioner's motion as filed pursuant to Rule 59(e).

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quoting *In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999)).

When Petitioner filed his § 2255 motion, he argued that he was entitled to equitable tolling of the one year limitations period because after he was convicted and sentenced, he told his attorney to file an appeal of his sentence, but his attorney failed to do so (see CV Dkt. 1). He further asserted that he believed counsel had filed a notice of appeal on his behalf, but only recently learned through a friend that counsel had died and never filed the appeal (Id.).[2]

In the present motion, Petitioner alleges that "counsel affirmatively led Petitioner into believing that post-conviction petition was still pending up to and including a § 2255 Motion." (CV Dkt. 6 at 1). Therefore, although Petitioner previously asserted only that counsel had "indicated he would [file a notice of appeal]" (CV Dkt. 1 at docket page 4), he

---

[1] "Any motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

[2] Petitioner fails to indicate when he learned that Attorney Huerta had died.

now appears to assert that his former attorney informed him that he had filed an appeal and a § 2255 motion on Petitioner's behalf.[3]

Petitioner also asserts in his motion that he "spent considerable effort attempting to contact counsel[.]" (CV Dkt. 6 at 1). He further asserts that "prison records do exist that prove that Petitioner did in fact make diligent effort to contact counsel. . . ." (Id. at 2).

Initially, to the extent Petitioner now argues, for the first time, that former counsel had informed him that he had actually filed both an appeal of Petitioner's conviction and a § 2255 motion, Petitioner may not use Rule 59(e) to raise new claims and arguments that could have been asserted before judgment was entered. *See Henderson v. Fla. Dep't of Corr.*, 441 Fed. Appx. 629, 2011 U.S. App. LEXIS 19389, at *3 (11th Cir. Sept. 21, 2011) (unpublished opinion) ("A Rule 59(e) motion cannot be used to raise arguments or present evidence that could have been raised before judgment was entered.").

Moreover, even if there are prison telephone records that show that Petitioner attempted to contact former counsel, that would not establish the requisite diligence which is required to show Petitioner's entitlement to equitable tolling. Petitioner makes no allegation that he, or a third party on his behalf, made any effort to contact this Court[4] or the Eleventh Circuit Court of Appeals to determine the status of the appeal he allegedly believed

---

[3]The Court finds that Petitioner's new assertion that his former attorney informed him that he had filed a § 2255 motion on Petitioner's behalf wholly incredible as Petitioner previously asserted that at the time he discovered that counsel had died, he believed "that [his] appeal was under way." (CV Dkt. 1 at docket page 12).

[4]Petitioner easily could have requested a copy of his criminal docket to determine whether an appeal or § 2255 motion had been filed on his behalf.

had or should have been filed on his behalf. The inability to contact counsel, apparently for over four years,[5] would give a reasonable prisoner notice that he should take some other steps to ascertain the status of his appeal. Petitioner's failure to take any steps over a four-year period to ascertain the status of his appeal or to file a § 2255 motion, other than futilely attempting to contact his attorney, demonstrates a lack of due diligence.

Moreover, on October 5, 2010, Attorney Louis Casuso filed a Notice of Appearance on behalf of Petitioner in Petitioner's criminal case (CR Dkt. 457). Despite having retained new counsel, Petitioner still failed to exercise diligence, waiting over one year after Attorney Casuso filed his Notice of Appearance before filing his *pro se* § 2255 motion.[6]

In sum, Petitioner could have discovered, with the exercise of due diligence, that an appeal and § 2255 motion had not been filed on his behalf well before December 8, 2010, which is one year prior to the date Petitioner filed his § 2255 motion. Therefore, Petitioner is not entitled to the benefit of equitable tolling.[7]

---

[5] The judgment in Petitioner's criminal case was entered August 16, 2007 (CR Dkt. 306). Petitioner filed his § 2255 motion on December 8, 2011 (CV Dkt. 1).

[6] Furthermore, Petitioner easily could and should have learned from Attorney Casuso that no appeal or § 2255 motion had been filed.

[7] Moreover, the § 2255 motion is not timely under § 2255(f)(4) ("The one year period runs from the latest of. . .[t]he date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.") The only claim raised in the § 2255 motion is that counsel failed to file an appeal after Petitioner instructed him to do so (CV Dkt. 1 at docket page 4). Therefore, the relevant issue with regard to whether the § 2255 motion is timely under § 2255(f)(4) is when, with the exercise of due diligence, Petitioner could have discovered the notice of appeal had not been filed. Despite Petitioner's apparent assertion to the contrary, the one year limitations period did not start to run one year from the date on which he actually discovered that his attorney had died and did not file a notice of appeal. In any event, Petitioner fails to even allege the date on which he discovered that information.

4

Accordingly, for the foregoing reasons, the Court **ORDERS** that Petitioner's "Motion to Show by Record Evidence That §2255 Motion is not Time-Barred and to Re-open §2255 Appeal" (CV Dkt. 6) is **DENIED**.  To the extent that Petitioner seeks a certificate of appealability to appeal this ruling, and to proceed on appeal *in forma pauperis*, that request is likewise **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on December 10, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro Se* Petitioner
Counsel of Record